UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                           Hon. Hugh B. Scott

                                                           07CR29S

                        v.

                                                           Decision
                                                           &amp;
                                                           Order

Colin Greenaway
also known as Wayne Smart,
                                       **Defendant.**

_____

      Before the Court is the defendant's omnibus motions seeking various relief, including the suppression of evidence (Docket No. 112). [1]

**Background**

      In a Superceding Indictment issued on October 30, 2008, defendant Colin Greenaway also known as Wayne Smart (referred to herein as "Smart"), was charged with conspiracy to possess and distribute methylenedioxymethamphetamine ("MDMA") in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) [Count 1]; unlawful use and possession of a firearm in connection with a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i)[Count 2]; unlawful possession with intent to distribute MDMA in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) [Count 3];

---

[1] The suppression issues are the subject of a separate Report & Recommendation.

carrying and brandishing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(ii) and (2) [Count 4]; assaulting and resisting law enforcement officers while engaged in the performance of their official duties in violation of 18 U.S.C. §111 (a)(1), §111(b) and §2 [Count 5]; using and brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. §924(c)(1)(A) and §2 [Count 6]; destruction of property (marijuana) preventing and impairing the government from taking such property into its custody and control in violation of 18 U.S.C. §2232(a) [Count 7]; and forfeiture of the various firearms and ammunition seized pursuant to 19USC §924(d)[Count 8].

## Discovery

The defendant seeks pretrial discovery in this matter. The defendant's motion lists numerous boilerplate requests and acknowledges that significant voluntary discovery has taken place in this case. At oral argument, the defendant did not identify any particular item of discovery as being outstanding. Thus, the voluntary discovery produced by the government appears to have been sufficient in this case.

## Rule 12 Notice

Pursuant to Rule 12(d)(2) of the Federal Rules of Criminal Procedure, the defendant has requested that the government give notice of its intention to use at trial any evidence which is discoverable under Rule 16. The government's response to the instant motion provides notice pursuant to Rule 12 (Docket No. 113 at pages 8-9). The defendants have not asserted that this notice is inadequate.

## Bill of Particulars

The defendant seeks a bill of particulars. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory" U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. U.S. v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

Upon review of the indictment and the information already provided, the Court finds that the defendant is not otherwise entitled to a bill of particulars inasmuch as each the defendant is sufficiently advised of the charges against him to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendant from double jeopardy.

## Brady and Jencks Material

The defendant also seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

With respect to purely exculpatory material, the defendants' requests are again set forth in broad

boilerplate terms. The government acknowledges its continuing duty under Brady and represents that it will produce such exculpatory and impeachment material pursuant to the trial schedule set by the District Court Judge presiding over the trial of this case. (Docket No. 113 at page 4).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether a there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under Brady and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under <u>Brady</u> principles. To this extent, it has been suggested that the constitutional requirements underlying <u>Brady</u> could act to modify the Jencks Act. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852, 860 (5th Cir. 1979). But see <u>U.S. v. Presser</u>, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of <u>Brady</u> or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both <u>Brady</u> and Jencks material. Certainly "impeachment <u>Brady</u>" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie <u>Brady</u> mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined <u>Brady</u>/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." <u>U.S. v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974); <u>U.S. V. Green</u>, 144 F.R.D. 631 (W.D.N.Y. 1992).

The instant case, and balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient.

**Identity of Informants**

The defendant seeks the pre-trial disclosure of the identity of any informants in this case. The government is not required to furnish the identities of informants unless it is essential to the defense.

Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990). The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense in this case. This request is denied.

### Rule 404 Evidence

Smart also requests disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use evidence of any such prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

### Audibility

The defendant seeks audibility hearings regarding any tape recordings the government intends to use at trial. If, after review of any specific recordings, the defendant believes an audibility hearing is necessary, the defendant shall make a separate application to the Court for such a hearing.

### Rule 807

The defendants seek disclosure of any hearsay statements the government intends to offer at trial under Rules 807 of the Federal Rules of Evidence. If the government should determine that it will attempt to introduce such hearsay statements, it will notify the defendant at the time of its pretrial memorandum with the District Court.

**Search of Personnel Files**

The defendant requests that the government search the personnel files of any government agent or police witness involved in this case to determine whether any <u>Brady</u> material exists. The government shall review the files for any exculpatory or impeachment material. Such material shall be disclosed along with Jencks material, or as otherwise directed by the District Court.

**Preservation of Evidence**

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all items of evidence.

**Conclusion**

For the reasons stated above, the respective omnibus motions are GRANTED IN PART AND DENIED IN PART consistent with the above.

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 16, 2010